846 P.2d 223

**Ennis A. YARDLEY, Claimant–
Respondent,**

v.

**CHUCK'S FREEZER MEATS; and
State Insurance Fund, Surety,
Defendants–Appellants.**

No. 19451.

Supreme Court of Idaho,
Boise, December 1992 Term.

Jan. 29, 1993.

M. Karl Shurtliff, Boise, for defendants-appellants.

Brady, Lerma & Thomas, Boise, for claimant-respondent. Michael E. Powers, argued.

BAKES, Chief Justice.

The following facts, as found by the Industrial Commission are essentially uncontested. The claimant Ennis Yardley had been employed by Chuck's Freezer Meats in Weiser, Idaho, for approximately sixteen years when he injured his back in the course of his employment while butchering a hog. Claimant's back did not respond to treatment, and two surgeries were performed which resulted in claimant receiving a permanent physical impairment rating by Dr. Floyd G. Johnson of 30% of the whole body.

Claimant was also evaluated by a vocational evaluation expert who, based upon claimant's limited educational background and other limited work skills, rendered an opinion that claimant could not return to his former occupation as a butcher, and further concluded that claimant was 95% vocationally impaired.

Subsequent to the rating by both Dr. Johnson and the vocational evaluator, but prior to a hearing to determine claimant's permanent disability, claimant was convicted of a felony and incarcerated in the penitentiary. Claimant's disability hearing was conducted at the penitentiary.

The Commission concluded, after that hearing, that claimant "has a permanent partial disability of 60% of the whole person." The employer and its surety, the State Insurance Fund, appeal from that disability award.

The appellants do not contest the sufficiency of the evidence to sustain the disability award of 60% of the "whole man." Nor do appellants assert as error the fact that the Commission's disability "evaluation did not take into consideration the Claimant's criminal conviction and incarceration."

 Appellants' sole issue on appeal is that, as a matter of law, the Commission should not have rendered a "determination of the scope and extent of [claimant's] personal partial disability" while claimant was incarcerated in the state prison. Appellants argue that since incarceration "Yardley had embarked on a course of education that might well lead to a GED [high school diploma] and that he has available to him the opportunity for retraining that likely will expand the number of post-incarceration employment possibilities available to him." Accordingly, appellants argue that the Commission erred in entering a permanent disability rating prior to the time that claimant is released from the state penitentiary.[1] Appellants assert that the Commission should have entered an order granting claimant an award of 30% impairment only, deferring a final total disability award until claimant was released from the penitentiary. Nevertheless, we conclude that the Commission did not err in entering a permanent disability award in this case. *Baldner v. Bennett's, Inc.,* 103 Idaho 458, 649 P.2d 1214 (1982). The claimant's condition was stable, and the claimant was entitled to a rating. *Archer v. Bonners Ferry Datsun,* 117 Idaho 166, 786 P.2d 557 (1990).

Claimant has requested an award of attorney fees pursuant to I.C. § 72–804, claiming that the employer and its surety have contested his claim "without reasonable ground." The effect of an injured worker's incarceration in the state penitentiary upon a claimant's award of permanent disability is a question of first impression in this state. While a claimant's incarceration could raise a number of legal issues, appellants have raised only one, *i.e.,* whether or not the fact of incarceration, and the possibility of educational opportunity or retraining while incarcerated, precludes the Commission from entering a final permanent partial disability award prior to the claimant being released from incarceration.

That issue, while rather narrow, is not an unreasonable legal issue to raise on appeal from a decision of the Commission. Accordingly, we deny attorney fees on appeal pursuant to I.C. § 72–804.

BISTLINE, JOHNSON, McDEVITT and TROUT, JJ., concur.

---

1. Appellants also do not assert that the Commission should have retained jurisdiction, and accordingly we do not address that issue either.